# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PDS PATHOLOGY DATA SYSTEMS LTD., <br><br> Plaintiff, <br><br> v. <br><br> ZOETIS INC., <br><br> Defendant. | Civil Action No. <br><br> **COMPLAINT FOR COPYRIGHT INFRINGEMENT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff PDS Pathology Data Systems Ltd., by way of Complaint against Zoetis Inc., alleges as follows:

## THE PARTIES

1. Plaintiff PDS Pathology Data Systems Ltd. ("PDS") is a corporation organized and existing under the laws of Switzerland with its principal place of business located at Duerrenhuebelstrasse 9, CH4133, Pratteln, Basel, Switzerland.

2. Defendant Zoetis Inc. ("Zoetis") is a corporation organized and existing under the laws of Delaware with its principal place of business located at 100 Campus Drive, Florham Park, NJ 07932.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over the Defendant Zoetis because its principal place of business is located in this District and by virtue of its transacting, doing and

soliciting business in this District, and because a substantial part of the relevant events were directed from this District and because the alleged acts of infringement were directed from this District.

5.  Venue is properly placed in the District of New Jersey pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this District.

## FACTS

6.  On September 1, 2007 PDS licensed its software package known as the PathData System ("PathData Software") to Pfizer, Inc.

7.  The PathData Software was developed by PDS to assist the pharmaceutical industry in preclinical testing of experimental drugs for human and animal health.  The PathData Software provides a unique and valuable, sophisticated record keeping system useful in the evaluation of the pathology of pharmacologically active compounds in the development of new drugs for human and animal health.  The PathData Software provides a tool to track the effects of experimental drugs on animal organs and tissue, which is useful in calculating the optimal dose of an experimental drug.

8.  Also on September 1, 2007 a software company named TDS Toxicology Data Systems Ltd. ("TDS") licensed another software package known as the ToxData System ("ToxData Software") to Pfizer, Inc.

9.  The ToxData Software was developed by TDS for the pharmaceutical industry to provide preclinical testing of experimental drugs for human and animal health. As a complement to the PathData Software, the ToxData Software provides a unique and valuable, sophisticated record keeping system useful in the evaluation of the toxicology of pharmacologically active compounds in the development of new drugs for human and animal health.

10. The PathData Software and ToxData Software licenses to Pfizer are substantially similar in form and are frequently entered into by licensees at the same time, together with mandatory *Maintenance & Support Agreements*. The PathData Software and ToxData Software licenses are sometimes referred to in this Complaint as "Both Licenses."

11. On June 25, 2014 PDS and TDS merged. PDS, as the surviving company of the PDS and TDS merger, succeeded to the assets of TDS, including the ToxData Software and TDS's license of the ToxData Software to Pfizer.

12. Both Licenses defined the "Licensee" of the software as Pfizer. Both Licenses recited that Pfizer entered into the license agreements "for itself and its Affiliates."

13. Both Licenses defined in Section 1.2 "Affiliate" to mean "(a) all business units and divisions of Licensee or its parents and (b) any entity controlled by, controlling, or under common control with Licensee. Such entity will be deemed to be an 'Affiliate' <u>only so long as such control exists.</u>" (Emphasis added).

14. Under Section 2.1 of Both Licenses PDS and TDS granted a non-exclusive license to Pfizer. The grant of a non-exclusive license to Pfizer in Section 2.1 of Both Licenses specifically restricted Pfizer's license rights by providing that Pfizer could not "sublicense or rent" the subject software.

15. Under Section 2.3 of Both Licenses, Pfizer's "Affiliates," which were defined in Section 1.2 of Both Licenses as "all business units and divisions of licensee" and "any entity controlled by, controlling, or under common control" with Pfizer, were authorized to use Both Licenses. Under Section 1.2 of Both Licenses, any "Affiliate" of Pfizer was authorized to use the PathData and ToxData Software, as "Affiliates" "only so long as … [Pfizer's] control [of the affiliate] exists."

16. Under Section 5.1 of Both Licenses, Pfizer acknowledged that "ownership of and title in and to all intellectual property rights, including patent, trademark, service mark, copyright and trade secret rights … are and will remain in Vendor [PDS or TDS].

17. Likewise, in Section 5.4 of Both Licenses Pfizer acknowledged "that Vendor owns or represents ownership to all copyrights and other commercial rights" respectively to the PathData and ToxData Software.

18. Neither License permitted former "Affiliates" of Pfizer to use the PathData nor the ToxData Software, as Both Licenses provided in Paragraph 2.1 that entities "will be deemed to be an 'Affiliate' [of Pfizer] only so long as … [Pfizer's] control [of the Affiliate] exists."

19. On information and belief in or about February, 2013 Defendant Zoetis was established as a corporate entity. On information and belief, initially Zoetis was controlled by Pfizer, as at the inception of Zoetis as a corporate entity in February, 2013, Pfizer owned a controlling interest in the outstanding stock of Zoetis.

20. At its inception as a corporate entity in February, 2013, because Zoetis was controlled by Pfizer, Zoetis met the definition of "Affiliate" in Both Licenses. As an "Affiliate" of Pfizer under Both Licenses Zoetis was entitled to use the PDS Software and TDS Software maintained by Pfizer, but under Both Licenses Zoetis was entitled to access the PathData and ToxData Software programs under the Pfizer license only so long as Zoetis remained under the control of Pfizer.

21. On information and belief, on or about June 24, 2013 Pfizer sold all of its interest in Zoetis. Consequently, on that date Zoetis ceased to be an Affiliate of Pfizer, as defined in Both Licenses, and, therefore, ceased to have the right under Both Licenses to use the PathData and ToxData Software.

4

22. Although after June 24, 2013 Zoetis ceased to be controlled by Pfizer and thus ceased to meet the definition of "Affiliate" as defined in Both Licenses, nonetheless, on information and belief Zoetis continued to access the PathData and ToxData Software, but without any right to do so.

23. After learning that Zoetis was using the PathData and ToxData Software as a corporate entity independent of control by Pfizer, PDS demanded that Zoetis cease its unlicensed use of such software and that Zoetis compensate PDS for its past unlicensed use of the PathData and ToxData Software. Although it acknowledged that it has used the PathData and ToxData Software, Zoetis has denied that such use was wrongful and has refused to pay any amount for its use of the Software.  In responding to PDS's demand for payment for the use of its software, Zoetis's justification for its refusal to compensate PDS has changed over time. Initially, Zoetis contended that it was properly using the software under a "Transitional Service Agreement" with Pfizer.  More recently, as this position was untenable, Zoetis asserted for the first time that it had acquired a license of its own to use the PathData and ToxData Software.  Zoetis claimed that because its animal health business was originally conducted by a unit of Pfizer, it had acquired such rights even before Zoetis was established as a corporate entity,. Although PDS has notified Zoetis that Zoetis never owned such licenses, Zoetis has refused to compensate PDS for the unlicensed use of the PathData and ToxData Software.

24. Zoetis's various claims to have the right to use the PathData and ToxData Software under the Pfizer licenses are inconsistent with the explicit language of the licenses granted by PDS to Pfizer. Both Licenses to Pfizer state in Paragraph 2.1 that Pfizer may not "use the Software for a service bureau application, or to sublicense or rent the Software," and in Paragraph 9.8 may not "without the other party's prior written consent, assign, delegate,

sublicense, pledge, or otherwise transfer this Agreement, or any of its rights or obligations under this Agreement, or the Vendor Proprietary Information, to any party including any Affiliate without Vendor's prior written consent." PDS has given no such consent.

25. In view of the change of control of Zoetis by Pfizer, in August, 2013 PDS proposed that Zoetis purchase for itself a license to use the PathData and ToxData Software, together with a requisite maintenance package. Zoetis rejected such proposal. Inconsistent with its current justification for accessing the PathData and ToxData Software, when it rejected the PDS proposal Zoetis never asserted that it had obtained rights to the PathData and ToxData software as a business unit or division of Pfizer.

26. The ToxData Software was created and first published in Switzerland in 2003.

27. The PathData Software was created and first published in Switzerland in 1985.

28. Under *The Berne Convention for the Protection of Literary and Artistic Work*, which has been adopted by the United States of America, PDS, as a Swiss corporation, has the right to enforce its intellectual property rights, namely, its copyrights in the United States without the formality of registration of the software with the United States Copyright Office.

FIRST COUNT COPYRIGHT INFRINGEMENT

29. Plaintiff repeats and realleges each and every allegation of the foregoing paragraphs as if fully set forth herein.

30. PDS is the author and copyright holder of the PathData Software and as the successor to TDS Toxicology Data Systems Ltd. is the owner and copyright holder of the ToxData Software. PDS owns the exclusive right to license the copyrighted PathData Software and ToxData Software.

31. PDS had been and still is the sole proprietor of all rights, title, and interest in

and to the copyrights in their respective works as referenced above.

32. Defendant Zoetis's conduct violates the exclusive rights belonging to Plaintiff as the owner of the PDS Software and the TDS Software.

33. On information and belief, PDS alleges that, as a direct and proximate result of its wrongful conduct, Defendant Zoetis has realized and continues to realize profits and other benefits rightfully belonging or otherwise attributable to Plaintiff PDS and has deprived Plaintiff PDS of licensing and maintenance fees and profits that Plaintiff PDS would have otherwise earned had Defendant Zoetis not willfully and knowingly infringed Plaintiff PDS's copyrights.

34. Defendant Zoetis's infringing conduct has also caused and is causing substantial and irreparable injury and damage to Plaintiff PDS in an amount not capable of determination, and, unless restrained, will cause further irreparable injury, leaving the Plaintiff with no adequate remedy at law.

35. On information and belief, Defendant Zoetis has willfully engaged in the acts complained of with oppression, fraud, and malice, and in conscious disregard of the rights of Plaintiff.

**WHEREFORE**, Plaintiff PDS prays for judgment against Defendant Zoetis as follows:

A. A declaration that Defendant's unauthorized conduct violates Plaintiff's rights;

B. Immediately and permanently enjoining Defendant, its officers, directors, agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with them from using any of

Plaintiff's software without consent or otherwise infringing Plaintiff's rights in any manner;

  C. Ordering Defendant to account to Plaintiff for all gains, profits, and advantages derived by Defendant by its infringement of Plaintiffs' copyrights or such damages as are proper;

  D. Ordering Defendant to deliver up for impounding or destruction all copies of the PathData and ToxData Software in its custody, control or possession;

  E. Awarding Plaintiff actual damages for Defendant's violation of Plaintiff's intellectual property in an amount not less than the amount the Plaintiff PDS licensed the ToxData and PathData to Pfizer together with mandatory Maintenance and Support fees;

  F. Awarding the Plaintiff restitution and disgorgement of all ill-gotten gains unjustly obtained and retained by Defendant; and

  G. Awarding Plaintiff such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff PDS Pathology Data Systems Ltd. demands a trial by jury on all issues so triable.

Dated:  April 14, 2016   By: /s/ *Lisa J. Trembly*
Lisa J. Trembly, Esq.
J. Barry Cocoziello, Esq.
PODVEY, MEANOR, CATENACCI, HILDNER,
  COCOZIELLO & CHATTMAN
A Professional Corporation
One Riverfront Plaza – 8th Floor
Newark, New Jersey 07102
(973) 623-1000

Of Counsel:  Stephen J. Mathes
Market Square Station
P.O. Box 27784
Philadelphia, PA 19184
(267) 335-2493

Robert F. Zielinski
Suite 1600
One South Broad Street
Philadelphia, PA 19107
(215) 731-9100

*Attorneys for Plaintiff PDS Pathology Data Systems Ltd.*