NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PDS PATHOLOGY DATA SYSTEM LTD., <br><br> Plaintiff, <br><br> v. <br><br> ZOETIS INC., <br><br> Defendant. | Civil Action No.: 16-2072 (CCC) <br><br> **OPINION** |

**CECCHI**, District Judge.

This matter comes before the Court by way of Defendant Zoetis, Inc.'s Motion Dismiss Plaintiff PDS Pathology Data System, Ltd.'s Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 11). Plaintiff has submitted Opposition (ECF No. 15), to which Defendant has replied. (ECF No. 19). The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court denies Defendant's Motion to Dismiss Plaintiff's Complaint.

## I.  BACKGROUND[1]

Plaintiff is a Swiss corporation and brings this action seeking to recover damages from Defendant for copyright infringement under the *The Berne Convention for the Protection of Literary and Artistic Work* ("*The Berne Convention*"). (ECF No. 1 ("Compl") ¶¶ 1, 3). Defendant is a New Jersey corporation with its principal place of business in Florham Park, NJ. (Compl. ¶

---

[1] This background is derived from Plaintiff's Complaint, which the Court must accept as true at this stage of the proceedings. *See Alston v. Countrywide Fin. Corp.*, 585 F.3d 753, 758 (3d Cir. 2009).

2).

Plaintiff is a software developer and has developed a specific software ("PathData") that was designed "to assist the pharmaceutical industry in preclinical testing of experimental drugs for human and animal health." (Compl. ¶ 7). On September 1, 2007, Plaintiff licensed its PathData software to non-party Pfizer, Inc. (Compl. ¶ 6). Additionally, and also on September 1, 2007, non-party TDS Toxicology Data Systems, Ltd. licensed another software package ("ToxData") to Pfizer. (Compl. ¶ 8). ToxData compliments PathData by providing "a unique and valuable, sophisticated record keeping system [which is] useful in [evaluating] the toxicology of pharmacologically active compounds in the development of new drugs for human and animal health." (Compl. ¶ 9). Both software packages were created and published in Switzerland. (Compl. ¶¶ 26-27). Plaintiff merged with TDS in June 2014, with Plaintiff emerging as the sole surviving company. (Compl. ¶ 11). As such, Plaintiff was the licensor of both aforementioned software packages. (Id.).

Section 1.2 of the licenses provided that an "Affiliate" meant "(a) all business units and divisions of [Pfizer] or its parents and (b) any entity controlled by, controlling, or under common control [of Pfizer]. Such entity will be deemed to be an 'Affiliate' <u>only so long as such control exists</u>." (Compl. ¶ 13) (quotation marks and emphasis in original). The licenses prohibited Pfizer from sub-licensing the software. (Compl. ¶ 14). Therein, Pfizer also acknowledged that the ownership of the copyrights to the software remained with Plaintiff and that it was a non-exclusive licensee. (Compl. ¶¶ 14, 16).

In February, 2013, Defendant was formed, and was controlled by Pfizer. (Compl. ¶ 19). Because Defendant was controlled by Pfizer, it was considered an "Affiliate." (Compl. ¶ 20).

2

Hence, Defendant was permitted to use the software under the licenses. (Id.). However, on June 24, 2013, Pfizer sold its interest in Defendant, thereby concluding Defendant's status as an "Affiliate." (Compl. ¶ 21).

According to Plaintiff, Defendant continued to use the above referenced software despite the fact that it had ceased to be an "Affiliate" as set forth in the licensing agreements. (Compl. ¶ 23). Accordingly, Plaintiff demanded that Defendant pay for its usage, but Defendant refused citing various reasons. (Id.). Plaintiff maintains that Defendant's refusal is contrary to the explicit language of the licenses. (Compl. ¶ 24). Hence, Plaintiff brought this action asserting a single cause of action for Copyright Infringement. (Compl. ¶¶ 29-35).

## II. <u>LEGAL STANDARD</u>

To withstand a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

To determine the sufficiency of a complaint under *Twombly* and *Iqbal* in the Third Circuit, the court must take three steps: first, the court must take note of the elements a plaintiff must plead to state a claim; second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; finally, where there are well-pleaded

3

factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (citations omitted). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

### III. ANALYSIS

*The Berne Convention* assures the protection of copyrighted works in all 164 party-states. *See* 828 U.N.T.S. 221, July 24, 2971 (originally signed Sept. 9, 1886) (implemented in the United States by the Berne Convention Implementation Act of 1988, Pub. L. No. 100-568, 102 Stat. 2853 (1988)). In 1988, the United States' copyright laws were amended to conform with *The Berne Convention*. 102 Stat. 2853; *see also Mike Rosen & Assocs., P.C. v. Omega Builders*, 940 F. Supp. 115, 119 (E.D. Pa. Sept. 11, 1996). Plaintiff has alleged that both pieces of software were created and published in Switzerland, which is a member-state, and that the software is protected under *The Berne Convention*. (Compl. ¶¶ 26-28). As such, *The Berne Convention* is applicable to Plaintiff's copyrights and same will be analyzed accordingly.

In order to establish copyright infringement, a plaintiff must prove two elements: "(1) ownership of a valid copyright; and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); *see also Brownstein v. Lindsay*, 742 F.3d 55, 77 n.16 (3d Cir. 2014) (quoting *Masquerade Novelty, Inc. v. Unique Indus, Inc.*, 912 F.2d 663, 667 (3d Cir. 1990)). A copyright registration certificate is *prima facie* evidence sufficient to meet the first prong of the analysis. *See* 17 U.S.C. § 410(c); *Ford Motor Co. v. Summit*

*Motor Prods., Inc.*, 930 F.2d 277, 290 (3d Cir. 1991). As such, the analysis is usually focused on the second "copying" prong. As it is rarely possible to prove copying through direct evidence, copying may be proved inferentially by showing that defendant had access to the allegedly infringing copyrighted work and that the allegedly infringing work is substantially similar to the copyrighted work. *See Roth Greeting v. United Card Co.*, 429 F.2d 1106, 1110 (9th Cir. 1970).

The Court is satisfied that Plaintiff has pled a *prima facie* cause of action under the Copyright Act. This is because, as to both software packages, Plaintiff has pled it is the rightful owner and that the software is protected under *The Berne Convention*. (Compl. ¶¶ 6, 10-11, 26-28). Accordingly, there is a presumption of ownership. *See* 17 U.S.C. § 410(c); *Ford Motor Co.*, 930 F.2d at 290. Additionally, Plaintiff has properly pled that Defendant infringed on its copyrights by using the software, without Plaintiff's authorization, after Defendant ceased being an "Affiliate" of Pfizer, in contravention of the licensing agreements. (Compl. ¶¶ 12, 16-18, 21-25). Accordingly, the Court is satisfied that Plaintiff has sufficiently pled a *prima facie* claim under the Copyright Act and *The Berne Convention*.

Moreover, the Court is not persuaded by Defendant's arguments in support of dismissal. (ECF No. 11-1 ("Def. Mov. Br.") at 6-13). Preliminarily, the Court notes that Defendant's arguments rely heavily on affidavits and certifications. However, as noted above, the Court's review is restricted to the allegations in Plaintiff's Complaint, which the Court currently accepts as true. As such, additional submissions are not relevant to the disposition of the application before the Court.

Next, Defendant argues that because it was a Pfizer entity when Plaintiff granted Pfizer the license to use its software, that it retained the right to do so after it was sold off. (Def. Mov. Br at

10-11). This argument is made without citation of law and is merely argument of counsel. This argument also asks this Court to interpret the intent of the parties when they entered into the licensing agreement, and conclude that the licenses traveled with Defendant. Such an interpretation and conclusion would be inappropriate at this juncture as the Court is without the benefit of discovery. Hence, this argument is better suited for the summary judgment phase.

Finally, Defendant asserts this action should be dismissed because New Jersey is the wrong forum. (Def. Mov. Br at 16-19). This argument relies on a forum selection clause in the license agreements, which states that any and all lawsuits stemming from said agreements must be brought in the United States District Court for the Southern District of New York. (Id.). Thus, Defendant asks the Court to dismiss the case, or, in the alternative, transfer the action to the Southern District of New York. (Id.).

The Court disagrees. For Defendant to succeed on this argument, the Court would have to conclude that license agreement extends to Defendant. In other words, the Court would have to find that Defendant is entitled to a license and that it did not infringe on Plaintiff's copyrights. However, as explained above, the Court cannot make such a determination at this juncture. Therefore, the Court rejects Defendant's forum-related arguments.

## IV. CONCLUSION

For the aforementioned reasons, Defendant's Motion to Dismiss Plaintiffs' Complaint is hereby denied. An appropriate Order accompanies this Opinion.

DATED: October 16, 2018

CLAIRE C. CECCHI
United States District Judge